CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ROGER W. BACKLAR, ESQ.; STATE BAR NO.: 225277

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail:  cmay@tharpe-howell.com
E-Mail:  sforman@tharpe-howell.com
E-Mail:  rbacklar@tharpe-howell.com

Attorneys for Defendant,
    LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STIREN,<br><br>             Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company; PCG SAN CLEMENTE LP, a California Limited Partnership; and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No.:<br>[Orange County Superior Court Case No.: 30-2018-00983008-CU-PO-CJC<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed:  March 29, 2018 |

PLEASE TAKE NOTICE that, pursuant to *28 U.S.C.§§ 1332* and *1441(b),* Defendant LOWE'S HOME CENTERS, LLC ("LOWE'S" or "Defendant"), contemporaneously with the filing of this notice, is effectuating the removal of the below referenced action in the Superior Court of the State of California of the County of Orange, to the United States District Court, Central District of California – Southern Division.  The removal is based, specifically, on the following grounds.

///

///

///

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and 1446.

## PLEADINGS, PROCESS, AND ORDERS

3. On March 29, 2018, Plaintiff CHRISTOPHER STIREN (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Orange by filing a Complaint therein entitled *Christopher Stiren v. Lowe's Home Centers, LLC, a North Carolina Limited Liability Company; PCG San Clemente LP, a California Limited Partnership; and Does 1 to 100,* Case No. 30-2018-00983008. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A"**:

    a. Summons;

    b. Complaint.

4. The documents comprising **Exhibit "A"** were served on Defendant via personal service on May 29, 2018.

5. On June 27, 2018, Defendant LOWE'S HOME CENTERS, LLC, filed and served its Answer to Plaintiff's Complaint along with a Demand for Trial by Jury. True and correct copies of Defendant's Answer and Demand for Trial by Jury are attached hereto as **Exhibit "B."**

6. On July 31, 2018, a Request for Dismissal without Prejudice as to a named Defendant PCG San Clemente LP, only, was filed by Plaintiff. A true and correct copy of the Request for Dismissal is attached hereto as **Exhibit "C."**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

7. On July 31, 2018, Plaintiff filed an Amendment to his Complaint substituting Bill Dover for the previously named fictitious "Doe 1.". A true and correct copy of Plaintiff's Amendment is attached hereto as **Exhibit "D."**

8. Named Defendant Bill Dover has never been served with a copy of the Summons and Complaint and has not appeared in this action.

9. On January 4, 2019, Plaintiff served on Defendant a Statement of Damages, stating damages in an amount over $75,000. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "E."**

10. Attached as **Exhibit "F"** are true and correct copies of the Notices of Ruling, *Ex Parte* Application to Continue Trial, and Case Management Statements, which together compromise the entire state court file.

11. The attached exhibits constitute all process, pleadings, and orders served upon Defendant in this matter.

## DIVERSITY

### A. Citizenship

12. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff claims he has sustained damages totaling over $75,000.00. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

13. Plaintiff CHRISTOPHER STIREN was, at the time of the filing of this action, and presently remains, a citizen of the State of Arizona.

14. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC, is a manager-managed

limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc., is a North Carolina corporation and is incorporated in North Carolina, with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC, is a citizen of the State of North Carolina. Complete diversity of citizenship exists as between Plaintiff and Defendant LOWE'S HOME CENTERS, LLC.

### B.     Individual Defendant

15.     Lowe's is informed and believes, and thereon alleges that Defendant Bill Dover was, at the time of filing of this action, a citizen of California.

16.     The citizenship of Bill Dover may be disregarded because he has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. See Morris, 236 F.3d at 1067; TPS Utilicom Serv., Inc. v. AT&T Corp., 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

17.     Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. Ritchey v. Upjohn Drug Co., 139 F3d 1313, 1318 (9th Cir. 1998); McCabe, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D.Cal. 1979); McCabe, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent")

18. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." Gasnik v. State Farm Ins. Co., 825 F.Supp.245, 248-49 (E.D. Cal. 1992).

19. Plaintiff's complaint alleges theories of liability based on negligence and res ipsa loquitor negligence. Each cause of action is based upon the allegation that a pallet fell on Plaintiff causing injury.

20. There is no reasonable basis for imposing liability on Mr. Dover as he was not the manager of the subject Lowe's at the time of the subject incident on April 7, 2016. At the time of the subject incident, Mr. Dover was the manager of a Lowe's store located in Columbus, Ohio, and was a citizen of the State of Ohio. Mr. Dover did not become the manager of the San Clemente store until July 2017, *after* the subject incident. Since Mr. Dover was a manager at a different store in a different state, no act or omission on his part could have caused Plaintiff's injuries, and he cannot be held liable for any dangerous condition of the San Clemente store.

21. Moreover, Plaintiff has not demonstrated any real intent to obtain a judgment against Mr. Dover as he has never been served with the Summons and Complaint. Plaintiff named Mr. Dover as a DOE only after he dismissed PCG San Clemente, the other California resident. It is clear that Mr. Dover is a "sham" defendant, joined only for the purpose of destroying complete diversity.

**C.  Fictitious Does**

22. Defendants DOES 2 to 100, inclusive are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and they are to be disregarded. 28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690–691 (9th Cir. 1998). Further, 28 U.S.C. § 1441(b) permits removal based on diversity "only if none of the parties in

interest *properly joined and served* as a defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Thus, the citizenship of a defendant who has not been served, such as DOES 1 to 100, inclusive, can be ignored for purposes of determining whether diversity jurisdiction exists. Republic Western Ins. Co. v. International Ins. Co., 765 F.Supp. 628, 629 (N.D. Cal. 1991). Here, no California defendant has been served at the time of the filing of the instant removal. Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

23. Plaintiff's Complaint sets forth general allegations that appear to include causes of action for general negligence and negligence based on a theory of *res ipsa loquitor*. See **Exhibit "A,"** Complaint. Plaintiff alleges in his Complaint that he sustained personal injury while at Defendant's retail store. Plaintiff claims that Defendant was negligent by permitting said alleged dangerous condition to exist. As a result of Defendant's alleged negligence, Plaintiff claims that he suffered injuries as alleged in the Complaint. Although Plaintiff did not state a specific amount demanded in his Complaint, Defendant has been able to ascertain through receipt of "other paper"—Plaintiff's Statement of Damages dated January 4, 2019—that the amount in controversy exceeds $75,000.00.[1]

24. Where a complaint does not allege a specific amount in damages, the removing defendant only bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); see McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008)

---

[1] In California state court actions brought to recover damages for personal injury, plaintiffs are prohibited from stating the amount demanded in their complaint. California Code of Civil Procedure § 425.10.

- 6 -
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

25. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. Stated another way, the defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954–55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

23. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" includes information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery. 28 U.S.C. §1446(c)(3)(A). A statement of damages pursuant to California *Code of Civil Procedure* section 425.11, is a written statement setting forth the nature and amount of damages being sought and constitutes such "other paper." See Hanson v. Equilon Enterprises LLC, 2014 U.S. Dist. LEXIS 110795, 9 (N.D. Cal.2014) (finding statement of damages served on defendant by plaintiff constituted "other

- 7 -
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

paper").

27. Plaintiff's Statement of Damages sets forth that he is seeking over $65,000.00 in medical expenses and over $400,000.00 in general damages for pain and suffering. See **Exhibit "E"**, Statement of Damages. Thus, the amount in controversy here exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

**TIMELINESS OF REMOVAL**

28. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the "other paper," to wit, Plaintiff's Statement of Damages on January 4, 2019, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(3). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on April 2, 2018.

29. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. sections 1332 and 1441(b).

Dated: January 25, 2019

THARPE & HOWELL, LLP

By: /s/ *Roger W. Backlar*
CHARLES D. MAY
STEPHANIE FORMAN
ROGER W. BACKLAR
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Matthew Dickson, Esq.<br>**DICKSON, KOHAN & BABLOVE, LLP**<br>1101 Dove Street, Suite 220<br>Newport Beach, CA 92660<br>(949) 535-1341; (949) 535-1449 – Fax<br>mdickson@dkblawyers.com | Attorneys for Plaintiff,<br>CHRISTOPHER STIREN |
|---|---|

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

1   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on *(date): see below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/25/19 | Christine Delgado | _(signature)_ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\29000-000\29602\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 10 -
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**